

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-70,963-02**

**EX PARTE JUAN RAMON MEZA SEGUNDO, Applicant**

**ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN
CAUSE NO. C-3-W011370-0974988-B IN CRIMINAL DISTRICT COURT NO. 3
TARRANT COUNTY**

*Per curiam.*

**O R D E R**

In December 2006, a jury found Applicant guilty of the offense of capital murder.

*See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the statutory

punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the

trial court sentenced Applicant to death.[1] This Court affirmed Applicant's conviction and

sentence on direct appeal. *Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008). We

denied relief on Applicant's initial post-conviction application for a writ of habeas

---

[1] Unless otherwise indicated, all references in this order to Articles refer to the Texas
Code of Criminal Procedure.

corpus.  *Ex parte Segundo*, No. WR-70,963-01 (Tex. Crim. App. Dec. 8, 2010) (not designated for publication).

On September 25, 2018, Applicant filed in the trial court his first subsequent application for a writ of habeas corpus.  After reviewing the application, this Court determined that the claim raised met the dictates of Article 11.071 § 5, and we remanded the application to the trial court for a review on the merits.  *Ex parte Segundo*, No. WR-70,963-02 (Tex. Crim. App. Oct. 31, 2018) (not designated for publication).

It has been over two years since we remanded the application to the trial court. Accordingly, we order the trial court to resolve any remaining issues in the case within 120 days from the date of this order.  The clerk shall then immediately transmit the complete writ record to this Court.  Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish